IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| TIFFANY COBB, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 240556N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed Defendant's Notice of Proposed Refund Adjustment for the 2023 tax year. A trial was held by remote means on December 5, 2024. Plaintiff appeared and testified on her own behalf. Rachel Muniz (Muniz), the mother of Plaintiff's childcare provider, also testified on behalf of Plaintiff. Eden Espinosa, tax auditor, appeared on behalf of Defendant. Plaintiff did not offer any exhibits, relying instead on the attachments to her Complaint. Defendant's Exhibits A to H were received without objection. At issue is whether Plaintiff should be allowed a working family household and dependent care (WFHDC) credit for the 2023 tax year based on her claimed cash payments to her childcare provider.

## I. STATEMENT OF FACTS

In 2023, Plaintiff worked for a septic company about an hour's drive from her home. She typically left her home for work by 7:30 a.m. and tried to return by 5:00 p.m., though her work schedule and duties were somewhat varied because her employer was short-staffed that year. Plaintiff has a child who was six years old in 2023. Plaintiff hired Muniz's child, who was 14 years old at the time, to watch Plaintiff's child after school during the school year and all day during the summer. During the school year, Plaintiff's child took the bus to Muniz's house after

/ / /

school and stayed until Plaintiff arrived home from work. During summer, Plaintiff dropped her child off at Muniz's house at 7:30 a.m. and returned after work.

Plaintiff paid Muniz's child a flat rate of $650 per month for childcare despite variable hours throughout the year. Plaintiff testified it was easier to have a flat rate than to keep track of hours and changes, such as early release days and school holidays. Plaintiff paid in cash because Muniz's child did not have a bank account. Plaintiff testified that she had cash from a variety of sources in addition to her paycheck, including performing odd jobs, returning cans, and similar. (*See* Def's Ex G at 3 (Plaintiff reported 2023 adjusted gross income of $44,661).)

Muniz testified that she and Plaintiff are acquaintances who live about five minutes apart by walking. Muniz confirmed the details of the childcare arrangement between Plaintiff and Muniz's child, including that her child did not have a bank account. Muniz's child did not contribute any of her earnings to household expenses.

Plaintiff provided 12 receipts documenting her monthly payments of $650 to Muniz's child. (Def's Ex H at 6-8.[1]) The receipts list the date, amount of payment, purpose of payment, means of payment (cash), and were signed by Plaintiff. (*Id.*) Plaintiff also provided an Oregon Form OR-PS signed by Muniz's child confirming receipt of monthly cash payments. (*Id.* at 5.) Plaintiff did not provide bank statements because she did not have a system of withdrawing cash on a set schedule and some cash came from sources other than her bank account.

## II. ANALYSIS

The issue before the court is whether Plaintiff is entitled to a WFHDC credit for the 2023 tax year based on claimed childcare expenses of $7,800. ORS 315.264(1)(a) provides a credit

---

[1] Both the receipts and Form OR-PS were attached to Plaintiff's Complaint, but for ease of reference, the court uses Defendant's exhibit labels.

against tax otherwise due under ORS chapter 316 "in an amount equal to a percentage of employment-related expenses" including childcare expenses.[2] There is no dispute that Plaintiff worked, received income, and had a qualifying dependent. The sole issue is whether Plaintiff provided sufficient proof of her childcare expenses. Plaintiff bears the burden of proof and must establish her case by a preponderance of the evidence. ORS 305.427.

To claim the WFHDC credit, the taxpayer must provide "evidence that an expense was paid on a certain date to a specific individual or entity by [the taxpayer]." *Shirley v. Dept. of Rev.*, TC-MD 130451D, 2014 WL 811543 at *3 (Or Tax M Div, Mar 3, 2014) (discussing predecessor to current WFHDC credit). Typically, that evidence is supplied by canceled checks or other reliable proof of payment. *See id.* When a taxpayer pays for childcare in cash, adequate proof may be provided by "contemporaneous, signed receipts that include the date, the name of the individual who paid cash, and the amount paid." *Stade v. Dept. of Rev.*, TC-MD 150369N, 2016 WL 282206 at *4 (Or Tax M Div, Jan 21, 2016). "Documentary evidence and testimony are evaluated in light of one another: Inadequately explained discrepancies between testimony and the documented evidence diminish the probative value of both." *Filippone v. Dept. of Rev.*, TC-MD 220461G, 2024 WL 195455 (Or Tax M Div, Jan 9, 2024) (internal quotation marks and citation omitted).

Defendant's representative did not testify at trial. However, through cross-examination, it appeared that Defendant disallowed Plaintiff's WFHDC credit primarily because the provider did not sign the receipts. Thus, Defendant considered the receipts to be self-serving.[3] Ideally, Plaintiff's provider would have signed the receipts, but failure to do so is not fatal to Plaintiff's

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

[3] Defendant's representative also noted that Plaintiff did not provide bank statements, but Defendant did not otherwise pursue this point.

claim. For instance, in *Avila v. Dept. of Rev.*, TC-MD 190268R, 2020 WL 2467116, (Or Tax M Div, May 13, 2020), the court allowed the credit based on the taxpayer's contemporaneous receipts, bank statements, and credible testimony even though the childcare provider did not sign the receipts. *Id.* at *2. The taxpayer's childcare provider "might not have been legally authorized to work in this country and would not assist her in claiming the credit for fear of consequences." *Id.* In *Lib-Myagkov v. Department of Revenue*, TC-MD 091200C, 2010 WL 4736621 (Or Tax M Div, Nov 23, 2010), the "receipts" were functionally invoices, requests for payment from the provider. However, the court allowed the credit based on the totality of evidence presented, including taxpayer's credible testimony, a signed letter from the provider, and taxpayer's bank statements. *Id.* at *8-10.

Plaintiff's receipts were issued monthly and contained pertinent information, including the childcare provider's name, even if not their signature. In that respect, they provide a persuasive record of payments totaling $7,800. Although Plaintiff's provider did not sign the receipts, the provider signed the Form OR-PS confirming receipt of monthly cash payments.[4] Those documents coupled with sworn testimony from Plaintiff and Muniz satisfy Plaintiff's burden of proof.

///

///

///

///

///

---

[4] Form OR-PS is Defendant's "Care Provider Statement" that is "used to meet recordkeeping requirements for the [WFHDC] credit." *See* Instructions to Form OR-PS. It is "commonly requested" by Defendant "when the WFHDC credit is claimed." *Id.*

### III. CONCLUSION

Upon careful consideration, the court finds that Plaintiff is entitled to a working family household and dependent care credit as claimed for the 2023 tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on March 6, 2025.*